IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES HUGHES, | ) |
| Petitioner, | ) |
| | ) No. 3:22-cv-00332 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| JUDGE JAMES G. MARTIN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Hughes, a resident of Fairview, Tennessee, filed a pro se petition entitled:

> Notice of Demand
> Writ of Quo Warranto
> 28 USC Section 1651
> Demand Proof of Authority/Jurisdiction to Deprive Property Without Due Process
> of Law 4th, 7th, 14th Amendments
> Writ of Mandamus
> Writ of Prohibition.

(Doc. No. 1 at 1). Mr. Hughes paid the full civil filing fee of $402.[1] (*Id.*)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. If the Court determines that it

---

[1] A Section 1361 mandamus petition is subject to the standard civil filing fee. *See Martin v. Grimshaw*, No. 98-4382, 1999 WL 1021705, at *1 (6th Cir. Nov. 2, 1999).

1

lacks jurisdiction to hear a case, the Court must dismiss the case without prejudice. *See* Fed. R. Civ. P. 41(b).

As best the Court can discern, Petitioner challenges the authority of Williamson County Circuit Court Judge James G. Martin to enter a judgment against Petitioner.[2] Although Petitioner lists "Writ of Mandamus" and "Writ of Prohibition" in the title of his petition, he appears to seek relief solely via a writ of quo warranto (which also appears in the title of his petition). (*See e.g.,* Doc. No. 1 at 1) ("This writ of quo warranto . . . is presented as a demand to view the evidence authorizing authority to Judge JAMES G. MARTIN to summarily ignore two foreign judgments made by CHARLES HUGHES without giving full faith and credit to two foreign judgment[s] that was [sic] made by the administrator of the . . . CHARLES HUGHES ADMINISTRATION, prior to the domestication process." (Doc. No. 1 at 1) (emphasis in original); (Doc. No. 1 at 3) ("This writ of quo warranto is presented to Judge in accordance with all writs section 28 USC section 1651 for a hearing to be scheduled within 21 days or all orders and future actions must cease immediately."); (Doc. No. 1 at 3-4) ("This writ of quo warranto is demanding the authority to hold not impartial nor disinterested as required under due process clause under the 14th amendment.").

A writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Quo warranto*, *Black's Law Dictionary* (10th ed. 2014). However, "'[a] private individual lacks standing to institute a quo warranto proceeding.'" *Allen v. Stark State College*, Nos. 19-3723/3975, 2020 WL 4382781, at *2 (6th Cir. June 4, 2020) (quoting *In re Nabaya*, 693 F. App'x 197, 198 (4th Cir. 2017)); *see also Banks v. Soo Song*, No. No. 6:17-cv-02017-RBH, 2017 WL 4410247, at *1 (D. S.C. Oct. 4, 2017) (denying the petitioner's

---

[2] Petitioner alleges that Judge James G. Martin "with bias issued a judgment" against Petitioner. He also challenges Judge Martin's authority to order "a man[] to pay support 'Because you said so!'" (Doc. No. 1 at 5).

request for a writ of quo warranto challenging the court's authority over him). Here, Petitioner is a private individual. Thus, he cannot seek relief via a writ of quo warranto.

To the extent that Petitioner also seeks a writ of prohibition, such writ is "[a]n extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power." *Prohibition*, *Black's Law Dictionary* (10th ed. 2014). This Court is not an appellate court. Therefore, it cannot grant a writ of prohibition. *See Banks*, 2017 WL 4410247, at *1 (finding that petitioner was not entitled to a writ of prohibition because the district court was not an appellate court).

Finally, to the extent Petitioner additionally or alternatively seeks a writ of mandamus pursuant to 28 U.S.C. § 1651, that statute (known as the All Writs Act) states: "The Supreme Court and all courts established by Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).[3] However, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Bordages v. Thorne*, No. 19-cv-02353-JTF-dkv, 2019 WL 8440508, at *3 (W.D. Tenn. Aug. 1, 2019) (citing *Haggard v. Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970) and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (establishing that the Eleventh Amendment bars federal courts from ordering state officers to comply with state law in performance of their duties)). Petitioner here challenges the actions taken by a state court and its judicial officer. Thus, the All Writs Act does not provide this Court with subject matter jurisdiction to issue a writ.

---

[3] Nor would Petitioner prevail under 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." *Id.* (emphasis added). "A district court may not issue a writ of mandamus pursuant to 28 U.S.C. § 1361 where the defendant is a state official." *Bordages*, 2019 WL 8440508, at *3 (citing *Edwards v. Prelesnik*, No. 10-2005, 2011 U.S. App. LEXIS 26437, at *4 (6th Cir. Aug. 9, 2011)). Because Judge Martin is not "an officer or employee of the United States or an agency thereof," the Court lacks subject matter jurisdiction under Section 1361 to compel Judge Martin to act.

3

Having determined that this Court lacks subject matter jurisdiction to issue any of the three writs sought by Petitioner, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE